**In re XRX, INC., dba First Impressions, Las Vegas Times, and Valley Times, Debtor.**

**The UNITED STATES of America, for the Use of Harry GORDON, d/b/a H & GG Properties, Plaintiffs,**

v.

**Berkeley BUNKER, and Safeco Insurance Company, and John Does I through V, inclusive, Defendants.**

Bankruptcy No. BK–S–82–01219.

Adv. No. 860175.

United States Bankruptcy Court, D. Nevada.

May 29, 1987.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Chief Judge.

Plaintiff, Harry Gordon, brought the instant adversary proceeding against the bankruptcy trustee, Berkeley Bunker, and the trustee's bonding company. The complaint alleged that Gordon had not received the full disbursement he was entitled to pursuant to a previous order of this Court approving the allowance of administrative claims.

The facts giving rise to the dispute are as follows: Gordon, Debtor's landlord, had filed a proof of claim seeking $4,000 as an administrative expense for rent accruing post-petition. Gordon filed a motion seeking an additional $1,424 as an administrative expense for damage to the leased premises sustained post-petition. An order granting Debtor's motion was entered on July 17, 1985.

On January 22, 1986 Bunker filed his Application for Approval of Allowance of Administrative Claims which included both claims of Gordon, totaling $5,424. The Ap-

plication was approved by the Court as submitted.

On May 9, 1986, the Clerk of the Bankruptcy Court signed an Amended Special Order Directing Paying of Administrative Expenses. The amended order erroneously listed Gordon's claim as $4,000 instead of the total allowed claim of $5,424. The final distribution received by Gordon from the trustee was based on this erroneous amount.[1]

When Gordon's attorney informed Bunker of the error, Bunker stated that he would proceed to surcharge the other creditors in order to collect enough money to pay Gordon the correct amount of his claim. Because many of the administrative claims were for wages, and because a surcharge would have been impractical, Bunker subsequently decided against surcharge.

On December 30, 1986 Gordon filed the instant adversary against Bunker and his bond. Bunker has moved to dismiss the adversary claiming that, under these circumstances, a bankruptcy trustee is immune from suit.

## DISCUSSION

In *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir.1983) the Ninth Circuit Court of Appeals held that although a bankruptcy trustee is not liable for mistakes in judgment where discretion is allowed, he may be subject to liability for both intentional and negligent violations of duties imposed upon him by law. (citing *Mosser v. Darrow*, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1950)). However, in *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir.1986) the court appeared to expand the scope of the trustee's immunity by holding that a bankruptcy

trustee, acting under the authority of a bankruptcy judge, is entitled to derived judicial immunity because he is performing an integral part of the judicial process. (citing *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir.1981)). Thus, under *Lonneker*, where the trustee, acting under the supervision of the bankruptcy judge, has obtained court approval of his actions, he is entitled to derived immunity. *See Boullion v. McClanahan* 639 F.2d at 214. *See also* Tiller, *Personal Liability of Trustees and Receivers in Bankruptcy*, 53 Am. Bankr.L.J. 75, 98 (Winter 1978). ("In most cases the bankruptcy officer could have avoided personal liability for improper distributions by first seeking a court order approving his actions.")[2] Since Bunker was acting pursuant to court order when he made the erroneous disbursement, he is not subject to personal liability. Thus, dismissal of Gordon's adversary proceeding is warranted.

The Court is sympathetic to the lack of payment on this administrative claim. Nevertheless, the Court feels that it was entirely inappropriate for Gordon to initiate this action against Bunker personally. If Gordon felt that the trustee and the Clerk's office had acted erroneously or wrongfully, he had several other equally effective remedies available to him.[3]

Accordingly, Gordon's adversary proceeding is hereby dismissed. Sanctions in the amount of $1,000 shall be paid by Plaintiff to Defendant.

---

**1.** By Court order, administrative claimants were to receive 82.25% of their claims. Gordon received $3,290.07 (82.25% of $4,000) instead of $4,461.24 (82.25% of $5,424), leaving a deficiency of $1,171.24.

**2.** It should be noted that *Lonneker* is not necessarily inconsistent with *Cochise* and *Mosser*. *See Mosser*, 341 U.S. at 273–74, 71 S.Ct. at 683, 95 L.Ed. at 933 (stating that one of the ways in which a bankruptcy trustee may effectively protect himself from personal liability is to seek

instructions from the court.) *See also Cochise*, 703 F.2d at 1357 n. 25 (suggesting that a properly noticed court order would relieve the trustee of personal liability.)

**3.** For instance, Gordon could have brought a motion to compel payment of an administrative expense, an order to show cause why the Court's earlier order had not been complied with, or a motion for surcharge of the other administrative claimants.