**Lawrence HOWARD, Jr., Plaintiff,**

*v.*

**Hugh M. LEONARD, United States Trustee, and Ronald L. Glick, Trustee, Defendants.**

**Civ. A. No. 89–54.**

United States District Court, D. New Jersey.

June 12, 1989.

Lawrence Howard, Jr., Delmont, N.J., pro se.

Paul A. Blaine, Asst. U.S. Atty., Camden, N.J., for defendants.

## OPINION

GERRY, Chief Judge.

This is a *Bivens* action. Plaintiff, Lawrence Howard, Jr., has sued two United States trustees for the bankruptcy court. Now, defendant Hugh M. Leonard has moved for summary judgment, arguing that, *inter alia,* as a trustee of the bankruptcy court, he enjoys absolute quasi-judicial immunity.

The crux of plaintiff's complaint is that Leonard negligently failed to supervise Ronald L. Glick while Glick allowed creditors to wrongfully deplete plaintiff's estate when it was under the protection of the bankruptcy court. The complaint does not specify the manner in which this negligence occurred. The complaint seeks damages and injunctive relief.

Pursuant to F.R.Civ.P. 56(c), summary judgment is appropriate when there is no material issue of fact and the moving party is entitled to judgment as a matter of law.

In this case, defendant Leonard has been sued in his individual and official capacities. We may dismiss at the outset any claim against defendant in his official capacity, for such a claim cannot be maintained due to the sovereign immunity of the United States. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Jaffee v. United States,* 592 F.2d 712, 717–718 (3d Cir.), *cert. denied,* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979).

Defendant also urges that absolute quasi-judicial immunity attaches to defendant. It is axiomatic that judges are absolutely immune from civil liability for damages for their judicial acts. *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). A judge may be deprived of immunity only when he acts in the "clear absence of all jurisdiction." *Bradley,* 80 U.S. (13 Wall.) at 351. The Supreme Court has provided an example:

In *Bradley,* the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge or a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump v. Sparkman,* 435 U.S. 349, 357 n. 7, 98 S.Ct. 1099, 1105 n. 7, 55 L.Ed.2d 331 (1978).

Absolute judicial immunity has been extended to those non-judges whose duties and functions are "an integral part of the judicial process." *Lonneker Farms, Inc. v. Klobucher,* 804 F.2d 1096, 1097 (9th Cir. 1986); *see also Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). Absolute immunity has been specifically conferred on trustees in bankruptcy. *Mullis v. U.S. Bankruptcy Court for the District of Nevada,* 828 F.2d 1385, 1390–91 (9th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988); *Lonneker Farms,* 804 F.2d at 1097; *Bennett v. Williams,* 87 B.R. 122, 124 (S.D. Cal.1988); *In re XRX, Inc.,* 77 B.R. 797, 798 (Bkrtcy.D.Nev.1987). Because a trustee's immunity is derived from that afforded to the bankruptcy judge, a trustee will enjoy absolute immunity so long as he does not act in the clear absence of all jurisdiction, *Mullis,* 828 F.2d at 1390–91, or at least acts under the supervision of the bankruptcy judge. *Boullion v. McClanahan,* 639 F.2d 213, 214 (5th Cir.1981).

The various duties of a United States trustee are delineated in 28 U.S.C. § 585, and the court will not list them here. We merely note that the role of the United States trustee is to serve as an appendage to the Bankruptcy Court. Plaintiff's case consists of allegations that defendant Leonard acted improperly in the performance of his duties. But, whether proper or improper, those activities were undertaken by defendant in the course of his judicial role. Accordingly, plaintiff's claim for damages must be dismissed.

Judicial immunity does not bar injunctive relief in actions brought under 42 U.S.C. § 1983. *Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984). At least one circuit has found that judicial immunity does bar injunctive relief in a *Bivens* action. *Mul-*

*lis,* 828 F.2d at 1392–94; *but see Dorman v. Higgins,* 821 F.2d 133, 139 (2d Cir.1987); *Affeldt v. Carr,* 628 F.Supp. 1097, 1102 (N.D.Ohio 1985). However, we need not resolve this question today, because plaintiff has not alleged any basis for the court to conclude that constitutional violations which may have occurred in the past are likely to recur in the future. Plaintiff therefore lacks standing to bring a claim for injunctive relief. *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983). Therefore, summary judgment for defendant Leonard will issue.