In re Don Byron REILLY, Mary Lou Reilly, Debtors.

Don Byron REILLY and Mary Lou Reilly, Plaintiffs,

v.

Robert J. PHILLIPS, Federal Land Bank of Spokane, Defendants.

Bankruptcy No. 86–20004.
Adv. No. 289/0041.

United States Bankruptcy Court, D. Montana.

Aug. 31, 1989.

Don Byron Reilly, Mary Lou Reilly, Hamilton, Mont., pro per.

Robert J. Phillips, Missoula, Mont., pro se.

Bruce L. Hussey, Missoula, Mont., Trustee.

W. Arthur Graham, Missoula, Mont., for Federal Land Bank.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

At Butte in said District this 31st day of August, 1989.

The Debtors, Don Byron Reilly and Mary Lou Reilly, appearing pro per, filed this adversary proceeding on May 25, 1989, with an "Amendment to Complaint" filed July 18, 1989. The amendment joins as a party defendant the Trustee in Debtors' Chapter 7 case. Each Defendant has filed a Motion to Dismiss the Complaint, with supporting memorandum, and Debtors responded to said motions on August 15, 1989. The Federal Land Bank requested the Court to take judicial notice of prior Court proceedings, including the bankruptcy case of the Debtors (86–20004), a federal district court foreclosure action, and a state court proceeding. This Court granted such request by Order of July 24, 1989. The facts are not in dispute as to Defendants' defense of *res judicata* and standing and therefore I treat each Motion to Dismiss as a Motion for Summary Judgment, since the Defendants are entitled to relief as a matter of law.

On February 23, 1977, Reillys negotiated a $48,000.00 loan from Federal Land Bank and gave as security in the form of a Deed of Trust a tract of land in Ravalli County, Montana, described as Lot 13, Block 11 in Hamilton Heights. Defendant Phillips has been substituted as the Trustee on the Deed of Trust. Reillys ultimately went into default of the note by failing to make the February 1, 1985 and 1986 annual installments, or pay real property taxes. This fact is confirmed in Order of this Court dated August 8, 1986, Bankruptcy Cause No. 86–20004. The file also reflects, that while Reillys were proceeding under Chapter 11 of Title 11, an Order was entered in August, 1986, granting Federal Land Bank's Motion for Relief From the Automatic Stay to allow it to continue its foreclosure action. Reillys appealed such Order to the Bankruptcy Appellate Panel of the Ninth Circuit Court of Appeals (BAP No. MT 86–1773), which appeal was dismissed as moot on July 27, 1987. The Order Granting Relief From the Automatic Stay thus became final and binding on all parties.

Federal Land Bank proceeded with nonjudicial foreclosure pursuant to Montana law. Just prior to the date of sale, Reillys commenced an adversary proceeding in this Court seeking to void the Deed of Trust. This Court halted the foreclosure process, after sale, and proceeded to try the adver-

sary proceeding. The Court found the Deed of Trust was valid, and dismissed the adversary proceeding. Reillys appealed that decision to the United States District Court for the District of Montana, where it was dismissed with prejudice, and the Order Granting Stay Pending Appeal was vacated. Cause CV–87–069–BU–PGH, Order Dismissing Appeal, July 29, 1988.

As stated in the Amended Complaint, on June 6, 1988, this Court converted the Debtors' bankruptcy case from Chapter 11 to Chapter 7, and the Trustee qualified in the Chapter 7 case on August 30, 1988. By June 6, 1988, the foreclosure sale was a completed fact as of March 23, 1987. The action of Reillys contesting the validity of the Deed of Trust did not affect the nonjudicial foreclosure sale. Federal Land Bank is still attempting to gain possession of the property as purchaser at the foreclosure sale by means of a state district court action. Cause DV–88–207, Montana Fourth Judicial District Court, Ravalli County.

The Amendment to Complaint alleges "Federal Land Bank filed a Motion to lift, 11 U.S.C. 362, automatic stay on or about June, 1986 and a hearing was held on July 8, 1986 in violation of 11 U.S. Rule 7001, 7002, 7003, 7004, 7017, 7019. As a consequence the lifting of the 11 U.S.C. § 362(d) stay is void abinitio (sic)". The Amendment to the Complaint includes a Count IV, so presumably the Debtors still maintain their claim for relief under the original Complaint in Counts I, II and III.

According to Count I, as I can best glean from the allegations, the Deed of Trust was paid in full "as a result of the conveyance of the property in the deed" which "leaves only the covenants contained in the deed to be fulfilled, which would not include any default on the note, as the note was paid". It is then alleged Phillips failed to convey the property to Reillys, as grantors. Such count is completely inconsistent with the Deed of Trust and Montana statutory provisions contained in the Small Tract Financing Act, Sections 71–1–301 to 71–1–321, Mont.Code Ann. That Act provides for nonjudicial sale upon foreclosure and after sale, conveyance by the Trustee to the successful purchaser, which in this case was Federal Land Bank. Count I has no legal basis whatsoever.

■ Count II alleges that upon filing the Chapter 11 case, Phillips, as Trustee under the Deed of Trust, was a custodian under Section 543 of the Code. The count alleges "Said custodian was Phillips and pursuant to Section 543 said custodian was prohibited from doing anything with the property of the estate, except to preserve said property for the estate, and said custodian was to deliver to the debtors-in-possession said property immediately upon the filing of the petition for relief, and file an accounting of said property with the court and debtors-in-possession". It is then alleged Phillips failed to deliver the property to the Debtors, but sold the property. Phillips as Trustee under the Deed of Trust was a person under Montana law "to whom the legal title to real property is conveyed by a trust indenture". 71–1–303(5), M.C.A. The scheme of the Small Trust Financing Act, supra, is to vest the legal title in the Trustee, who, either reconveys to the grantor upon payment of the note by the grantor, or conducts the foreclosure upon default by advertisement and sale, and upon sale, deposits excess funds with the Clerk of Court. §§ 71–1–307, 71–1–313 and 71–1–316, M.C.A. The Deed of Trust is in essence a mortgage, § 71–1–305, M.C.A., and foreclosure by the Trustee is tantamount to sale of mortgaged property. § 71–1–311, M.C.A. Phillips, as Trustee, under the Small Tract Financing Act, is not a custodian under § 543, as that term is defined under § 101(10) of the Code. *In re Gold Leaf Corp.*, 73 B.R. 146, 148 (Bankr. N.D.Fla.1987), holds after setting forth § 101(10):

"The term 'custodian' normally refers to entities who have been authorized to liquidate or otherwise take charge of a debtor's property for the benefit of a general body of creditors. *The Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542 (7th Cir.1985), *cert. denied sub nom., Fryzel v. Cash Currency Exchange, Inc.*, 474 U.S. 904, 106 S.Ct. 233, 88

L.Ed.2d 232 (1985). This definition is broad and includes third parties who have taken charge of the debtor's assets for the general benefit of creditors. Furthermore, it appears that a custodian is primarily concerned with the pre-petition liquidation of a debtor's property or the protection of creditor's rights. *Matter of Kennise Diversified Corp.*, 34 B.R. 237, 244–45 (Bkrtcy.S.D.N.Y.1983)."

As further example, if Phillips sold the real property and a surplus occurred, he was obligated to turn such funds over to the Clerk of Court. In that instance, the Clerk of Court would be a custodian, not Phillips. *See, In re Brown*, 734 F.2d 119 (2nd Cir. 1984). Further, *In re Metropolitan Adjustment Bureau*, 22 B.R. 67 (BAP 9th Cir.1982), in discussing the nature of a custodian, noted that "[a] 101(10) type 'custodian' normally controls all the assets of the debtor". Where the Trustee, acting on behalf of the beneficiary in a Deed of Trust in default, takes the property for foreclosure, it is for the protection of the mortgagee/beneficiary. *In re Pride Foods, Inc.*, 22 B.R. 356 (Bankr.Neb.1982), involved a secured creditor which had taken possession of vehicles for its own benefit upon debtor's default, and the Court held that creditor did not qualify as a custodian under § 543. The same is true in this case. Phillips was and is a party required to be appointed at the inception of the loan agreement to take legal, not possessory, title only, and act on behalf of the mortgagee and mortgagor. He is not a pre-petition bankruptcy liquidator for the benefit of all of the Debtors' creditors. In sum, he is not a custodian under §§ 101(10) and 543 of the Code.

■ Count III alleges that Federal Land Bank's Motion for Relief From the Automatic Stay was filed against Reillys, which "did not include the debtors-in-possession or the property of the estate". Such allegation underlies the entire count, which is confusing at best. When Federal Land Bank obtained an Order of Relief From the Automatic Stay, both in the Chapter 11 and 7 cases, it was free to proceed with nonjudicial foreclosure under state law. In sum, the real property subject to the Deed of Trust no longer was property of the Chapter 7 or 11 estate. For this reason, Count III fails to state a claim for relief.

Count IV in the Amendment to Complaint brings the Bankruptcy Trustee into the adversary proceeding. The Trustee has filed a Motion to Dismiss said count. Count IV alleges that when the case was converted to Chapter 7 from Chapter 11 on June 6, 1988, the Debtors were farmers. As a result of Federal Land Bank's "failure to move Subject Matter Jurisdiction from the Bankruptcy Court (by a void relief from stay order) and failure to Serve Service of Process upon the Party in interest the trustee of the Expressed Trust, Federal Land Bank has converted Debtor-in-Possession estate property" to the damage of Reillys. The count further alleges Trustee Hussey had a fiduciary duty to take control of the estate property, failed to grant Reillys their Homestead Exemption to the real property sold by Federal Land Bank, and because Federal Land Bank filed an affidavit on August 16, 1988, that it had "relief of the stay contrary to the fact the Trustee of the estate never had service of process pursuant to 11 U.S.C. 7004, 7017, 7019" and Federal Rules of Civil Procedure, the Trustee Hussey "has vailed (sic) to disclose the perjury and failed to turn over the Homestead". Count IV further alleges Farm Credit System (evidently Federal Land Bank) failed to grant Reillys their rights under the Farm Credit Act of 1987 and that Farm Credit Services never furnished there (sic) notice the Reillys loans were distressed pursuant to the Farm Credit Act of 1987 as required. Trustee Hussey is then charged with violation of the Farm Credit Act of 1987.

■ First, if the Reillys are seeking a private claim for relief under the Agricultural Credit Act of 1987, 12 U.S.C. §§ 2001 to 2279aa–14, they have no right to do so under *Harper v. Federal Land Bank*, 878 F.2d 1172 (9th Cir.1989), which expressly holds that a Farm Services credit borrower has no implied private right of action to enforce the Agricultural Credit Act of 1987.

■ Second, the gravamen and foundation of Count IV is that the automatic stay order was void *ab initio*. This squarely brings into focus the position of Federal Land Bank that any allegation in any count regarding the validity of the order releasing the automatic stay is barred by the doctrine of *res judicata*. I concur. Throughout this entire process, beginning with the Chapter 11 proceedings in which the Reillys have been represented by three different attorneys, Reillys had the opportunity not only in this Court but in federal district court on appeal to raise such issue. They failed to do so. The holding of *Lewis Industries v. Barham Construction, Inc.* 878 F.2d 1230 (9th Cir.1989), applies.

> "We agree with the district court that Lewis is estopped from raising the offset claims in the adversary proceeding since it knew of and failed to raise those claims at the § 365 assumption hearing."

In the case *sub judice*, the Debtors have wholly failed to raise any issues during the hearing on the § 362 motion that the procedures under Rules 7001, et seq., were applicable, or not followed, or service of process not properly made, or the Order releasing the stay was improvidently granted. Their appeal of the stay Order was dismissed. That ended the controversy. Their allegations of a void Deed of Trust was heard, tried and a decision rendered. Their appeal was dismissed. That ended that controversy. All of the issues now complained about by Reillys in their Complaint and Amendments thereto were or could have been raised in prior proceedings. The present Complaint is nothing more than a rehash of their wholly untenuous positions which have been discarded upon proper court orders. In Counts I, II and III, the same parties are present, the same facts are present, the same issues are raised or could have been raised, and the same law applied to those issues.

■ Finally, even if said counts are worthy of consideration in the present case, Reillys, as Chapter 7 Debtors, are not the proper persons to seek damages. Only the Trustee can file an action for the benefit of the creditors which involve potential estate assets. Reillys have not alleged they sought authority to bring this action by reason the Trustee's neglect to do so. *In re Bell and Beckwith*, 64 B.R. 144, 147 (Bankr.N.D.Ohio 1986).

■ There is yet another ground to grant the Trustee's Motion to Dismiss. After his appointment, this Court, upon motion of Federal Land Bank, again granted that Defendant's Motion for Relief From the Automatic Stay so as to allow the Federal Land Bank the right to proceed with the state foreclosure process. Reillys' counsel at that time did not oppose the motion, nor did the Trustee. When the second motion was entered by this Court granting Federal Land Bank's motion it became binding upon the Trustee as well as the Debtors. Yet, in this adversary proceeding, it may be possible to interpret the Amendment to the Complaint as a claim against the Trustee for his failure to properly perform duties required of him as Trustee. If that is the Complaint's intent, then it necessarily follows that such failure is directly related to each Motion for Relief From the Stay granted by the Court. Assuming this to be a posture of the Complaint, no claim for relief may be asserted against the Trustee because, under these facts, the Trustee has derived judicial immunity from suit. *Lonneker Farms, Inc. v. Kloubucher, et al.*, 804 F.2d 1096, 1097 (9th Cir.1986), holds:

> "Hatley, as a trustee in bankruptcy or an official acting under the authority of the bankruptcy judge, is entitled to derived judicial immunity because he is performing an integral part of the judicial process. See *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. Unit A March 1981); *Wickstrom v. Ebert*, 585 F.Supp. 924, 934 (E.D.Wis.1984); *Smallwood v. United States*, 358 F.Supp. 398, 404 (E.D.Mo.), *aff'd mem.*, 486 F.2d 1407 (8th Cir.1973). We have long recognized this type of immunity in section 1983 cases, *see Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir.1978), and we make no distinction between a section 1983 action and a *Bivens* action for purposes of immunity, *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978)."

The Complaint simply alleges a breach of fiduciary duty against the Trustee Hussey. Yet it is also clear from the pleading, and the Court records, that Hussey was simply abiding by Court orders. The *Boullion* court, supra at 214, held that since the Trustee, "as an arm of the Court, sought and obtained approval of his actions, he is entitled to derive immunity". I see no legal distinction between the Trustee seeking an appropriate order or the Trustee being bound by an appropriate third party order entered after hearing. The immunity applies in each case.

■ In conclusion, Reillys were subjected in the Chapter 11 case to a Motion for Relief From the Automatic Stay. They, with counsel, opposed such motion at a hearing at which they were present. The Court granted the motion, and appeal followed. The appeal was dismissed and no further appeal followed such dismissal. Then Reillys sued the Federal Land Bank contending the Deed of Trust was void so that Federal Land Bank could not foreclose. Reillys lost in the Bankruptcy Court. They appealed. The appeal was dismissed. The case was converted to Chapter 7. Federal Land Bank again came before this Court with a motion, served on Reillys, to determine that the automatic stay did not prevent further proceedings by Federal Land Bank after the sale as purchaser of the property.[1] This Court entered an Order in the Chapter 7 case that the stay was lifted. No appeal followed. All Orders of this Court are final on the issue. At all times Reillys were served with notice of each hearing and appeared. At all critical junctures Reillys were represented by counsel. Reillys have had their days and days and days in court. The issues raised in the present Complaint as amended brings nothing new into this saga of repeated attempts by Reillys to frustrate creditor's rights. At all times, they were in default of the Federal Land Bank note and Deed of Trust. At no time did they seek to cure the default either in this

Court or pursuant to Montana law. They attacked the nonjudicial sale in state court—again without any good faith offer to pay their just debt. They lost, and were found guilty of unlawful detainer. They now have a right, once again, to seek relief on appeal in the Montana Supreme Court. Their claims for relief in the present adversary proceeding are far fetched and baseless—factually and legally. Their claims make no sense—factually or legally. The Defendants' Motions to Dismiss must be granted to end this waste of judicial resources. The Complaint is frivolous.

■ Under Rule 9011, this Court, on its motion, may impose sanctions for a frivolous pleading. *In re Neutgens,* 7 Mont. B.R. 43 (Bankr. Mont.1984), and *In re Borg,* 105 B.R. 56 (Bankr. Mont.1989).

The latest word on Rule 11 sanctions came from *Townsend v. Holman Consulting, et al.,* 881 F.2d 788 (9th Cir.1989) where the Court held (881 F.2d at 792):

"The Rule applies to 'pleading[s], motion[s] and other paper[s] of a party,' punishing those which: (1) constitute 'frivolous filings' or (2) use 'judicial procedures as a tool for harassment.' *Stewart [v. American International Oil & Gas Co.],* 845 F.2d [196] at 201 [(9th Cir.1988)]. Pleadings of the latter type are more generally known as papers 'filed for an improper purpose.' *Hudson [v. Moore Business Forms, Inc.],* 836 F.2d [1156] at 1159 [(9th Cir.1987)], *quoting Golden Eagle [v. Distributing Corp. v. Burroughs Corp.],* 801 F.2d [1531] at 1536 [(9th Cir.1986)]. The notion of 'frivolousness' for purposes of Rule 11 has been limited to situations where a pleading is manifestly 'baseless' or 'lacking in plausibility.' *Rachel v. Banana Republic, Inc.,* 831 F.2d 1503, 1508 (9th Cir.1988); *quoting California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1472 (9th Cir.1987). As we explain below, we focus in this case on the 'frivolous' prong of Rule 11."

---

1. The Order granting relief from the stay in the Chapter 11 case was binding in the Chapter 7 case upon conversion. *See, In re Greetis,* 98

B.R. 509 (Bankr.S.D.Cal.1989), (conversion of a case from one chapter to another does not give rise to new automatic stay).

Not only is the Complaint in this case baseless in fact and law, but it was filed for an improper purpose, which is, to continue their harassment of Federal Land Bank's just claim.

The form of sanctions should meet the circumstances of the case. In this case Reillys' repeated attempts to challenge legally conducted proceedings must be brought to a halt. Money sanctions alone to these Plaintiffs would be meaningless, although the request for an award of $250.00 by the Trustee has merit. I will not only award such fee but enjoin further actions by Reillys on their frivolous claims.

IT IS ORDERED:

1. The Motions of Defendants Federal Land Bank, now Farm Credit Services, Robert Phillips, and Bruce Hussey, Trustee, to Dismiss this action are granted with judgment of dismissal to be entered by the clerk.

2. Sanctions are hereby imposed against the Plaintiffs Don Byron and Mary Lou Reilly and said Plaintiffs shall (1) pay over to the Trustee, Bruce Hussey, the sum of $250.00 within ten (10) days of this Order, and (2) such Plaintiffs are hereby enjoined pursuant to 11 U.S.C. § 105 from the filing of any action involving foreclosure of the note and Deed of Trust by Federal Land Bank, or involving any Order entered in Bankruptcy Cause No. 86–20004, District of Montana.