A90A0580. BANGS et al. v. FARM CREDIT BANK OF
COLUMBIA.
(396 SE2d 6)

BEASLEY, Judge.

Defendants, the Bangses, appeal the grant of summary judgment to plaintiff The Farm Credit Bank of Columbia (FCB) in this suit for judgment on a promissory note. Applicable is the Agricultural Credit Act of 1987, Farm Credit Act of 1971, §§ 1.1-8.14, as amended, 12 USCA § 2001 et seq., particularly § 2202a.

James Bangs and his sons, Kenneth and Roger, executed a promissory note for $952,800 in favor of FCB's predecessor, to obtain a loan. The indebtedness was collateralized by a security deed on approximately 1,272 acres of land. The note provided for forty annual installment payments. The Bangses paid the installments for five years but, because of financial difficulty with their farming operation, they stopped.

After some time, FCB, through its servicing agent the Southwest Georgia Farm Credit Service (SGFCS), declared the loan in default and informed the Bangses that foreclosure action had been recommended and that they were entitled to submit an application for restructuring their loan under 12 USCA § 2202a (b) (2). The Bangses submitted a restructuring application along with financial and annual cash flow statements and tax returns and, as subsequently required, more financial information.

Without rejecting the Bangses' restructuring plan, a SGFCS loan officer submitted a counter proposal. The Bangses rejected it and sub-

mitted a revised plan of restructure. Further communications and negotiation were unsuccessful.

SGFCS's special asset manager thereafter informed the Bangses that their restructuring application was denied because an analysis of the cost of the plan showed it was more than the cost of foreclosure and because a restructuring of the loan would require a pledging of additional collateral which the Bangses had indicated was unacceptable. The letter included a summary of SGFCS's cost analysis and informed the Bangses of their right to review of the denial by the Credit Review Committee.

The Bangses requested a review and a complete restructure plan analysis. The Committee hearing was held with James and Kenneth Bangs and their attorneys present. The Committee unanimously affirmed the denial of the Bangses' restructuring application. Later, SGFCS on behalf of FCB notified the Bangses that the entire unpaid principal and interest on the note was due and payable and that the loan had been called for foreclosure because of default.

FCB did not proceed to foreclose but filed the present action seeking to reduce the balance under the note to judgment. The trial court granted summary judgment to FCB in the principal sum of $936,492 together with pre- and post-judgment interest, attorney fees, and costs. The court appended to its order comprehensive memoranda discussing applicable federal decisions. It explained why it rejected the Bangses' contention that they had the right under 12 USCA § 2202a to assert as an affirmative defense that FCB did not exercise good faith in denying restructuring of their loan, which they rested on the theory that 12 USCA § 2202a (e) (1) made restructuring mandatory when the cost of restructuring would not exceed the cost of foreclosure. The court concluded that borrowers' rights under the federal statutes were limited and did not afford the right to litigate an unfavorable Committee ruling on their restructuring plan.

1. The gravamen of appellants' contentions is that under Section 2202a borrowers have an implied private right of action and thus the right to assert the affirmative defense of the lender's failure to exercise good faith in its analysis of cost of restructure versus cost of foreclosure.

In foreclosure actions involving the Agricultural Credit Act of 1987, federal decisions are not in complete accord on the question of borrowers' rights. See *Zajac v. Fed. Land Bank of St. Paul*, 887 F2d 844 (8th Cir. 1989): Borrower has an implied cause of action to enforce the Act's independent appraisal procedures; *Harper v. Fed. Land Bank*, 878 F2d 1172 (9th Cir. 1989): There is no implied private right of action to enforce the Act; *In re Reilly*, 105 B. R. 59 (Bkrtcy.D.Mont. 1989): Debtors had no right to seek private claim for relief under the Act, citing *Harper*, supra; *Neth v. Fed. Land Bank of*

*Jackson,* 717 FSupp. 1478 (S.D.Ala. 1988): No express or implied private right of action under the Act exists.

We do not reach the question of appellants' private right of action or right of asserting defenses under 12 USCA § 2202a. We assume, without deciding, that an issue of compliance with the statute is relevant in this suit on a note. The undisputed evidence, considered in the context of the statutory language, pierces the merits of appellants' contention that the lender failed to act in good faith by noncompliance with the statutory provisions mandating restructure and thus in denying appellants' loan restructure application.

The relevant provision, 12 USCA § 2202a (e) (1), states: "If a qualified lender determines that the potential cost to such qualified lender of restructuring the loan in accordance with a proposed restructuring plan is less than or equal to the potential cost of foreclosure, the qualified lender shall restructure the loan in accordance with the plan."

The uncontroverted evidence, largely via the affidavit of SGFCS's special asset manager, established that in deciding to deny the Bangses' restructuring application, SGFCS considered each of the factors listed in 12 USCA § 2202a (d) (1), as required. This included whether or not "the cost to the lender of restructuring the loan [was] equal to or less than the cost of foreclosure" and "whether the borrower [was] applying all income over and above necessary and reasonable living and operating expenses to the payment of primary obligations." The lender specifically found that restructuring as requested would exceed the foreclosure cost, and that while the Bangses were asking FCB to write down their indebtedness by more than $400,000, the Bangses owned 368.26 acres of unencumbered real property and substantial equity in an additional 679.8 acres which they refused to pledge as additional collateral. The Bangses' proposals along with the conclusory statement in James Bangs' affidavit that the cost of restructuring under the Bangses' proposal was less than the cost of foreclosure, did not meet the evidence of the validity of the lender's consideration.

Therefore, even if appellants' "affirmative defense" were permissible under the Act, it was not substantially viable in the face of the lender's evidence on summary judgment.

2. The decision in Division 1 makes it unnecessary to address appellants' contentions that they have the right to assert their defense under the due process protection of the Fifth Amendment and under OCGA § 13-5-8.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

Decided June 19, 1990 —
Rehearing denied July 3, 1990 — Cert applied for.

*Ralph L. Phillips*, for appellants.
*Kirbo & Bridges, David A. Kendrick*, for appellee.