PER CURIAM:
 

 The question in this case is whether a trustee acting at the direction of a bankruptcy judge is clothed with absolute immunity against tort actions grounded on his conduct as trustee.
 

 The appellants, Ervin and Margie Boul-lion, filed bankruptcy petitions in June, 1976. The bankruptcy judge appointed William McClanahan, the appellee, as receiver and later as trustee of the Boullion estate. None of the orders of the bankruptcy judge were challenged by a direct appeal. Instead, the Boullions filed a diversity action in federal district court alleging that McClanahan had violated his fiduciary duties as trustee by (1) recommending an inexperienced appraiser; (2) allowing the filing of an incorrect appraisal; (3) improperly handling sales of the estate property; and (4) failing to surrender disclaimed and exempt assets.
 

 All of McClanahan’s actions were approved by orders of the bankruptcy judge.
 

 McClanahan moved for summary judgment on the ground that as a trustee appointed by the bankruptcy judge and as to actions directed or approved by that judge he was entitled to absolute immunity. Summary judgment was granted.
 

 The Supreme Court has stated: “Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . [citation omitted].”
 
 Pierson v. Ray,
 
 386 U.S. 547, 553, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). This immunity is not lost even though “the action [the judge] took was in error, was done maliciously, or was in excess of his authority. . . . ”
 
 Stump v. Spark-man,
 
 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978).
 

 In the instant case the court-appointed trustee was acting under the supervision and subject to the orders of the bankruptcy judge. We hold that since McClanahan, as an arm of the Court, sought and obtained court approval of his actions, he is entitled to derived immunity.
 
 McCray v. State of Maryland,
 
 456 F.2d 1 (4th Cir. 1972);
 
 T & W Investment Company, Inc. v. Kurtz,
 
 588 F.2d 801 (10th Cir. 1978);
 
 Kermit Construction Corp. v. Banco Credito Y Ahorro Ponceno,
 
 547 F.2d 1 (1st Cir. 1976);
 
 Bradford Audio Corp. v. Pious,
 
 392 F.2d 67 (2d Cir. 1968);
 
 Smallwood v. United States,
 
 358 F.Supp. 398 (E.D.Mo.1973), aff’d without opinion, 558 F.2d 1035 (8th Cir. 1977).
 

 If the Boullions felt, as they later attempted to claim in an independent action, that the trustee and the bankruptcy judge had acted erroneously or wrongfully, they should have sought review, a course that was open to them as a matter of right.
 

 By way of analogy, see also the recent decision of the Supreme Court in
 
 Allen v. McCurry,
 
 - U.S. ---, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).
 

 The summary judgment entered by the District Court is
 

 AFFIRMED.