SNEED, Circuit Judge:
 

 Lonneker’s complaint purports to allege violations of his constitutional rights arising out of bankruptcy proceedings involving his farm. It relies upon 42 U.S.C. §§ 1983, 1985, and 1986 as the source of the right to bring suit. The allegations include the refusal of the bankruptcy judge, John Klobucher, to permit a withdrawal of Lonneker’s voluntary petition in bankruptcy, the wrongful appointment of Allen Hatley as trustee in bankruptcy by
 
 *1097
 
 Judge Klobucher, certain wrongful acts relating to the crops and farming operations done by Hatley before he became trustee but while acting under authority given him by Judge Klobucher, other wrongful acts by Hatley while acting as a trustee, and the assertion that Judge Klobucher and Hatley at all times conspired to commit these wrongs.
 

 The district court granted a motion to dismiss the complaint. We affirm.
 

 We begin with what is obvious and not technical in nature. This dispute arises out of a bankruptcy proceeding. The issues raised by Lonneker should be resolved through such proceedings. It constitutes a waste of professional and judicial resources to divert such resources from the bankruptcy proceedings to a weak attempt to plead a claim under the civil rights statutes.
 

 Next we point out that section 1983 requires that the act alleged to be wrongful must have been taken under color of state law. The actions about which Lon-neker complains were taken under the color of federal law. Section 1983 provides Lon-neker no help.
 

 Nor does section 1985(3) help. It is well established that an action lies under this section only if the wrong was motivated by a class-based animus.
 
 Glover v. Tower,
 
 700 F.2d 556, 558 (9th Cir.1983). And the availability of section 1986 turns on the existence of a claim under section 1985. Lonneker’s pleadings set forth nó such claim.
 

 This should be sufficient to uphold the dismissal of the complaint. Even were we to go beyond the literal language of the complaint and treat it as alleging a .claim under
 
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,
 
 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the result would be the same. Judge Klobucher’s acts were judicial in nature and were not done in clear absence of all jurisdiction. Therefore, Judge Klobucher is immune from
 
 Bivens
 
 -type liability.
 
 See Ashelman v. Pope,
 
 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Hatley, as a trustee in bankruptcy or an official acting under the authority of the bankruptcy judge, is entitled to derived judicial immunity because he is performing an integral part of the judicial process.
 
 See Boullion v. McClanahan,
 
 639 F.2d 213, 214 (5th Cir. Unit A March 1981);
 
 Wickstrom v. Ebert,
 
 585 F.Supp. 924, 934 (E.D.Wis.1984);
 
 Smallwood v. United States,
 
 358 F.Supp. 398, 404 (E.D.Mo.),
 
 aff'd mem.,
 
 486 F.2d 1407 (8th Cir.1973). We have long recognized this type of immunity in section 1983 cases,
 
 see Mosher v. Saalfeld,
 
 589 F.2d 438, 442 (9th Cir.1978), and we make no distinction between a section 1983 action and a
 
 Bivens
 
 action for purposes of immunity,
 
 Butz v. Economou,
 
 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978). Lonnecker’s allegations with respect to Hatley are conclusory and are insufficient to demonstrate that Hatley acted outside the limits of his derived judicial immunity.
 

 Double costs shall be taxed against Lon-neker.
 

 AFFIRMED.