O’SCANNLAIN, Circuit Judge,
concurring in part and dissenting in part:
I concur in substantially all of the majority’s opinion, but I must respectfully dissent from its analysis of judicial immunity from prospective injunctive relief set forth in part III C.
The majority believes that the Pulliam exception to judicial immunity should apply only to state judges, while federal judges should remain absolutely immune to challenges for prospective injunctive relief. In my view, the majority’s approach misreads the Supreme Court’s Pulliam opinion. Moreover, I believe the Court has already considered the majority’s policy argument in Pulliam itself, concluding that there is no need to shield judges (state or federal) from injunctive relief challenges:
*1395 We never have had a rule of absolute judicial immunity from prospective relief, and there is no evidence that the absence of that immunity has had a chilling effect on judicial independence ... The limitations already imposed by the requirements for obtaining equitable relief against any defendant — ra showing of an inadequate remedy at law and of a serious risk of irrevocable harm (citations omitted), — severely curtail the risk that judges will be harassed and their independence compromised by the threat of having to defend themselves against suits by disgruntled litigants.
Pulliam at 536-38, 104 S.Ct. at 1977-79.
The Supreme Court has previously held that it is inappropriate to create a distinction between state and federal officials for purposes of immunity:
There is no basis for according to federal officials a higher degree of immunity from liability when sued for a constitutional infringement as authorized by Bivens than is accorded state officials when sued for the identical violation under section 1983. The constitutional injuries made actionable by section 1983 are of no greater magnitude than those for which federal officials may be responsible.
Butz v. Economou, 438 U.S. 478, 500, 98 S.Ct. 2894, 2907, 57 L.Ed.2d 895 (1978). This circuit has also noted that “we make no distinction between a section 1983 action and a Bivens action for purposes of immunity.” Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir.1986). Until today, no court has sought to parse these otherwise plain statements of the law, and I can see no reason to do so in the present case. To extrapolate from Pul-liam a rule which broadly discriminates between federal and state judges in the judicial immunity field is at best unwarranted and at worst potentially divisive to the goal of harmony in the administration of the American judicial system.
I would simply follow the reasoning of Affeldt which the majority cites with favor and then abandons. Both Affeldt and the majority here conclude that the litigant “cannot show an inadequate remedy ‘at law’ and a serious risk of irreparable harm, prerequisites to injunctive relief under Pulliam ” (Maj.Op. at 1392). In my view, this ends the matter; no injunction will lie against the federal judge in this case and his decision is properly affirmed on such grounds alone.