9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eugen COSMA, Plaintiff-Appellant,
v.
Richard MARSHACK, Trustee and Burd & Marshack; John Wilson,
Judge; Andre Guirard, Midway Motors, Inc.
Defendants-Appellees.
 No. 93-55331.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eugen Cosma appeals pro se the district court's dismissal of his action against bankruptcy trustee Richard Marshack, the law firm of Burd & Marshack, Bankruptcy Judge John Wilson, Andre Guirard, and Midway Motors, Inc. for violations of his Fourth, Fifth, and Fourteenth Amendment rights.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Cosma contends that the district court erred by granting the defendants' Fed.R.Civ.P. 12(b)(1) and (6) motions to dismiss pursuant to C.D.Cal.Local Rule 7.9 or, alternatively, on the merits. A Rule 12(b)(6) dismissal for failure to state a claim is reviewed de novo, and the review is limited to the complaint's contents, taking the allegations of material facts as true and construing them in the light most favorable to the non-moving party. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599, 600 (1992). The existence of subject matter jurisdiction is a question of law reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 4
 By failing to file a timely opposition to the defendants' motions to dismiss, Cosma violated Local Rule 7.9 which provides that failure to file a timely opposition "may be deemed by the court a consent to the granting or denial of the motion, as the case may be." See C.D.Cal.L.R. 7.9. It is not clear, however, that the district court granted the defendants' motions solely on the basis of the local rule violation. Although the magistrate judge deemed Cosma's inaction a consent to the granting of the defendants' motions, he also stated that in the complaint, Cosma had "stated no claim as required for this Court's jurisdiction under F.R.Civ.P. 8, or various immunities to suit apply." Further, as to defendants Burd & Marshack, Midway Motors, and Guirard, the magistrate judge concluded that Cosma had "made no claims of wrongdoing whatsoever." The district court adopted the magistrate judge's recommendation in full.
 
 
 5
 We may affirm on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). Because we hold that the dismissal on the merits of defendants' Rule 12(b)(1) and (6) motions was proper, we need not address the district court's dismissal under Local Rule 7.9.
 
 
 6
 In his complaint, Cosma alleged that Judge Wilson and trustee Marshack violated his constitutional rights by conspiring to sell to Guirard and Midway Motors two limousines that were part of his Chapter 7 bankruptcy estate. Cosma sought damages and the return of the limousines. He also accused Burd & Marshack of violating his constitutional rights.
 
 
 7
 Liberally construing his complaint, Cosma's allegations against the defendants appear to be based on Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). To state a Bivens claim, the plaintiff must allege that a person acting under color of federal law deprived him of a right, privilege or immunity secured by the Constitution. Id. at 397.
 
 
 8
 First, construing Cosma's allegations against Burd & Marshack as true, Cosma did not allege facts showing that the private law firm defendant acted under color of law. Fonda v. Gray, 707 F.2d 435, 437-38 (9th Cir.1983). Second, Cosma failed to allege facts showing that defendants Guirard and Midway Motors conspired with the government to violate Cosma's constitutional rights. See id. at 438. Third, Judge Wilson was absolutely immune from civil liability for damages or injunctive relief for his judicial act of ordering the sale of the limousines.[2] See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988).
 
 
 9
 Finally, the district court lacked subject matter jurisdiction over Cosma's claims against Marshack, absent leave of the bankruptcy court which appointed Marshack as trustee. See Leonard v. Vrooman, 383 F.2d 556, 560 (9th Cir.1967), cert. denied, 390 U.S. 925 (1968); Read v. Duck (In re Jacksen), 105 B.R. 542, 545 (Bankr. 9th Cir.1989). Neither Cosma's complaint nor his untimely opposition to Marshack's motion provided any allegation or evidence that Cosma obtained permission to sue Marshack in district court. See Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1558-59 (9th Cir.1987) (where a movant contradicts the pleader's allegation of subject matter jurisdiction, the non-moving party must present evidence outside the pleadings in opposition to the movant's contention to show that a genuine issue of material fact exists). Accordingly, the district court's decision is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his appellate brief, Cosma alleges that the defendants violated the Consumer Credit Protection Act, 18 U.S.C. § 894, and Cal.Civ.Proc.Code §§ 704.010, 704.060. Because these issues were raised for the first time on appeal, we decline to consider them. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992)
 
 
 [2]
 With his motion, Judge Wilson included a declaration and exhibits. Ordinarily, in a Rule 12(b)(6) motion, if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment, and all parties must be given an opportunity to present material relevant to the Rule 56 motion. See Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir.1988). Nonetheless, the district court's decision appears based entirely on whether Cosma violated the local rule or failed to state a claim and not on the additional evidence. See id. Further, the judge's entitlement to absolute immunity for the acts alleged in the complaint may properly be decided in a Rule 12(b)(6) motion to dismiss. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1387 n. 6 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988)