21 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julian AYRS, Plaintiff-Appellant,
v.
Arthur GREENWALD, Judge, Defendant-Appellee.
 No. 93-55081.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julian Ayrs appeals pro se the district court's dismissal of Ayrs's civil rights action against Bankruptcy Court Judge Arthur Greenwald on the grounds (1) Greenwald was entitled to absolute judicial immunity from damages, and (2) Ayrs failed to state a claim for declaratory relief or for a writ of mandamus. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Ayrs contends the district court erred by holding that Greenwald was entitled to absolute judicial immunity from damages. This contention lacks merit.
 
 
 4
 "Judges are absolutely immune from civil liability for damages for their judicial acts." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). Judicial immunity is overcome only if the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. Mireles v. Waco, 112 S.Ct. 286, 288 (1991) (per curiam); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).
 
 
 5
 As the district court found, all the allegations in Ayrs's complaint relate to actions taken by Greenwald in his judicial capacity. Ayrs's conclusory allegations that Greenwald deliberately held back an order and tampered with court documents are insufficient to demonstrate that Greenwald acted outside his judicial capacity. See Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir.1986) (holding plaintiff's conclusory allegations insufficient to show defendant acted outside limits of judicial immunity); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (stating that "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss"). Moreover, for purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." Mullis, 828 F.2d at 1389. Here, there is no question that Greenwald ruled on Ayrs's motion to disqualify within the context of the bankruptcy proceedings and that the bankruptcy court had subject-matter jurisdiction over those proceedings. The district court did not err by dismissing Ayrs's claim for damages.
 
 
 6
 Ayrs's contentions that the district court erred by dismissing his claims for declaratory relief and for a writ of mandamus also lack merit. In Mullis, we held that "when a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial ... immunity from damages, that immunity also will bar declaratory and injunctive relief." Id. at 1394. In addition, we recognized that a district court lacks the authority to issue a writ of mandamus to a bankruptcy court and consequently to another district court. Id. at 1393. Given this court's reasoning in Mullis, the district court did not err by denying Ayrs's claims for declaratory relief or for a writ of mandamus.
 
 
 7
 Ayrs also contends the district court was biased and did not afford him a fair hearing. This contention lacks merit.
 
 
 8
 Ayrs bases his contention in part on rulings made by the district court that were adverse to Ayrs. This is not enough to show the district court judge should have recused himself. See Taylor v. Regents of the Univ. of Calif., 993 F.2d 710, 712 (9th Cir.1993) (per curiam) (judge's prior adverse ruling insufficient cause for recusal), cert. denied, 114 S.Ct. 890 (1994). We note also that Ayrs never filed a motion for recusal below. Although he claims he asked the district court judge to recuse himself at the hearing on Greenwald's motion to dismiss, he has not provided the court a transcript of the hearing. See Fed.R.App.P. 10(b). Thus, we decline to consider any issues related to Ayrs's bias claim that would require us to review the transcript. See Portland Feminist Women's Health Ctr. v. Advocates For Life, Inc., 877 F.2d 787, 789-90 (9th Cir.1989).
 
 
 9
 Finally, Ayrs contends the district court lacked jurisdiction to rule on Greenwald's motion to dismiss because Ayrs's appeal from an earlier district court order was pending at the time. This contention lacks merit.
 
 
 10
 Ayrs had appealed from an order amending the summons and denying Ayrs's request for sanctions. Because these were interlocutory orders, they were not immediately appealable under 28 U.S.C. Sec. 1291. See Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1362 (9th Cir.1992) (stating that "[a] final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (quotations omitted)). The district court therefore properly disregarded the putative appeal and proceeded with the case. See United States v. Garner, 663 F.2d 834, 837 (9th Cir.1981), cert. denied, 456 U.S. 905 (1982).[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny Ayrs's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ayrs also contends the district court failed to give proper notice of continuance of the hearing on Greenwald's motion to dismiss. The record shows that Ayrs filed an opposition to the motion to dismiss and appeared at the hearing on the motion. In the absence of any showing that the continuance caused prejudice to Ayrs, we decline to consider this contention
 Ayrs's contention that the district court has deprived him of due process by failing to rule on his motion to proceed in forma pauperis on appeal is moot. The record shows that the district court denied the motion on March 8, 1993 and that Ayrs subsequently paid the filing fee.