### Gregory T. THOMPSON

v.

### SAFETY COUNCIL OF SOUTHWEST LOUISIANA.

#### Civ. A. No. 94–2132.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

June 12, 1995.

---

7. The instant complaint was filed on August 7, 1992.

Marjorie R. Esman, Bordelon Hamlin & Theriot, New Orleans, LA, Thomas Lawrence Lorenzi, Walter Marshall Sanchez, Lorenzi & Sanchez, Lake Charles, LA, William P. Quigley, New Orleans, LA, Jane Johnson, E. Ann Cisney, Student Atty., New Orleans, LA, for plaintiff.

J. Michael Veron, Scofield Gerard Veron Hoskins & Soileau, Lake Charles, LA, for defendant.

## MEMORANDUM RULING

TRIMBLE, District Judge.

Before the Court is a limited objection to the Magistrate's Report and Recommendation filed by the Safety Council of Southwest Louisiana in the above-captioned matter. The Court agrees with the recommendation of the Magistrate, but will briefly respond to the arguments raised by the objection.

The plaintiff brought this action pursuant to 42 U.S.C. § 1983 and Louisiana law asserting violations of the First and Fourteenth Amendments of the U.S. Constitution and Article 1, section 8 of the Louisiana Constitution. In September of 1993, the plaintiff plead no contest to a charge of operating a motor vehicle while intoxicated. Judge Thomas Quirk sentenced plaintiff to probation and required him to pay a fine, do community service work, and complete substance abuse and driver training programs. Plaintiff failed to pay his fine, and in June of 1994 Judge Quirk responded by ordering him to attend church once a week as a condition of his probation. Plaintiff alleges that Judge Quirk delegated to the defendant, the Safety Council of Southwest Louisiana (Safety Council), the responsibility of enforcing his sentence. Plaintiff also alleges that he asked an employee of the Safety Council about the kinds of churches that were acceptable and was told that he should attend a Christian church.

In order to verify his attendance at church, the defendant gave plaintiff a set of cards, one of which he was to have signed by a church official each week. In October of 1994, plaintiff was given an additional six month supply of cards. On November 29, 1994, the plaintiff appeared before Judge Quirk and was advised that he had completed his sentence in October of 1994, and that he was no longer required to attend church.

### THE MAGISTRATE'S RECOMMENDATION

Defendant brought a motion to dismiss for failure to state a claim upon which relief can be granted. In the motion, defendant contended that the plaintiff's § 1983 claim is barred by absolute quasi-judicial immunity.

The Magistrate concluded that the Safety Council served as executor of a facially valid court order and, as such, enjoyed absolute quasi-judicial immunity for those acts prescribed by Judge Quirk's sentence.

However, plaintiff's complaint averred that the Safety Council imposed additional requirements on the plaintiff's sentence by allegedly specifying that the church attended be Christian, and by sending plaintiff additional cards in October, the month he completed his sentence. The Magistrate stated,

> Because these actions were allegedly not prescribed by Judge Quirk's sentence absolute quasi-judicial immunity does not require dismissal at this point. Whether or not these claims have any basis in fact is a question that cannot be resolved on the pleadings. Neither party briefed the question of whether qualified immunity would bar these claims and that issue is not reached.
>
> To the extent that the Safety Council was executing a facially valid court order, this court finds that it is entitled to quasi-judicial immunity.
>
> Accordingly, it is recommended that all claims against the Safety Council be dismissed except the claims that the Safety Council went beyond the scope of Judge Quirk's sentence in requiring that plaintiff attend a Christian church and in requiring that plaintiff attend church for the period of time that it did.

### THE OBJECTION

The Safety Council bases its objection on several grounds. First, it argues that the plaintiff has failed to allege that he would not have attended a Christian church but for the alleged remark of Safety Council personnel. Additionally, the Safety Council asserts that the form given to plaintiff to be signed by a church official evidenced the fact that any denomination of church would have been sat-

isfactory. Finally, the Safety Council contends that the additional supply of cards allegedly sent to plaintiff was at most a negligent, clerical error. Such negligence, defendant maintains, would not "deprive the Safety Council of its quasi-judicial immunity or give rise to liability under 42 U.S.C. § 1983." (Defendant's Objection, paragraph 4). For the following reasons the Court finds no merit in these contentions.

 In order for the plaintiff's claim to withstand the motion to dismiss, the Court must examine the complaint to determine if the plaintiff has stated a cause of action. For the purposes of this motion, the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true.[1] The complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). To state a § 1983 claim, plaintiff must allege facts which show deprivation of right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *Lopez v. Department of Health Services*, 939 F.2d 881 (9th Cir.1991).

In his complaint, plaintiff has set forth the fact that he was forced by court order and the Safety Council to attend a Christian church. This allegation is sufficient to set forth a cause of action under § 1983 for violation of the plaintiff's constitutional rights by persons acting under color of state law.[2] The fact that Plaintiff may have chosen to attend a Christian church each week of his own volition and without an order of the court or the alleged denominational specification of the Safety Council does not remove the order or the Safety Council guideline from Constitutional scrutiny.[3]

1. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990).

2. "It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which establishes a state religion or religious

faith or tends to do so." *Lee v. Weisman*, 505 U.S. 577, 587, 112 S.Ct. 2649, 2655, 120 L.Ed.2d 467 (1992) (internal quotation, citation omitted).

3. However, this issue may be relevant in determining quantum of damages. If plaintiff is unable to prove actual injury as a result of a proved Constitutional violation, then he is entitled to

The fact that the church attendance form does not specify that the church attended should be Christian does not negate the allegation that the Safety Council verbally imposed an additional condition on plaintiff's parole sentence. As stated above, on a motion to dismiss the allegations of the complaint are taken as true.

The defendant has also argued that the Safety Council committed only negligence, not a constitutional violation when it sent the additional cards to the plaintiff. The Court recognizes that in some instances a negligent act is not sufficient to establish a constitutional violation. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). However, the issue of whether negligence is sufficient is dependent on the provision of the Constitution alleged to have been violated. *Edwards v. Cabrera,* 861 F.Supp. 664 (N.D.Ill.1994), *see also Daniels, supra.* The defendant has cited no case in which it was held that the First Amendment may not be violated by mere negligence, and this Court knows of no such case. The plaintiff's complaint does not allege a state of mind on the part of the Safety Council; however, even if negligence is not sufficient to prove a constitutional violation under the First Amendment, it cannot be said that plaintiff can prove no set of facts which would be sufficient.

Accordingly, the Court agrees with the recommendation of the Magistrate, and

IT SHALL BE ORDERED that all claims against the Safety Council be dismissed except the claims that the Safety Council went beyond the scope of Judge Quirk's sentence in requiring that plaintiff attend a Christian church and in requiring that plaintiff attend church for the period of time that it did.

## JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and in the Memorandum Ruling of this date, and after an independent review of the record, and a *de novo* determination of the issues, and consideration of the objections filed herein, and having determined that the findings are correct under applicable law;

IT IS ORDERED that all claims against the Safety Council are dismissed except the claims that the Safety Council went beyond the scope of Judge Quirk's sentence in requiring that plaintiff attend a Christian church and in requiring that plaintiff attend church for the period of time that it did.

## REPORT AND RECOMMENDATION

WILSON, United States Magistrate Judge.

Presently before the court is the defendant's "Motion to Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted." (Doc. 3). This motion has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

This is an action brought pursuant to 42 U.S.C. § 1983 and Louisiana law asserting violations of the First and Fourteenth Amendments of the U.S. Constitution and Article I, section 8 of the Louisiana Constitution. In September of 1993 the plaintiff plead no contest to a charge of operating a motor vehicle while intoxicated. Judge Thomas Quirk sentenced plaintiff to probation and required him to pay a fine, do community service work, and complete substance abuse and driver training programs. Plaintiff alleges that Judge Quirk delegated the defendant, the Safety Council of Southwest Louisiana (Safety Council), the responsibility of enforcing his sentence as a *"de facto* probation officer for the Lake Charles City Court." Amended Complaint ¶¶ 6 & 13. Plaintiff failed to pay his fine as required, and this resulted in plaintiff appearing before Judge Quirk on June 21, 1994. On that occasion Judge Quirk ordered plaintiff, as a condition of his probation, to attend church once a week. Amended Complaint ¶ 9. Plaintiff alleges that he asked an employee of the defendant about the kinds of churches that were acceptable and was told "it had better be a Christian church." Amended Complaint ¶ 12.

only nominal damages. *See Farrar v. Hobby,* —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

The defendant apparently gave plaintiff "church cards" and instructed him to have one signed by a church official each week to verify his attendance. In October of 1994 plaintiff was given another six month supply of church cards. Amended Complaint ¶ 11. On November 29, 1994, the plaintiff appeared before Judge Quirk again and was advised that he had completed his sentence in October of 1994 and that he was no longer required to attend church.

Plaintiff originally sued both Judge Quirk and the Safety Council and asked for both damages and injunctive relief. However, he filed an amended complaint on December 13, 1994, deleting all claims against Judge Quirk. Defendant also represents that the claim for injunctive relief has been dropped as well. Indeed injunctive relief is no longer prayed for even though it is mentioned in the "introduction" to the complaint. Since plaintiff has not contested defendant's representation, this court assumes it is not disputed. Accordingly, the only claim remaining is a claim for damages against the Safety Council.

Defendant has brought the present motion contending that plaintiff's § 1983 claim is barred by absolute quasi-judicial immunity. Persons charged with the duty of executing a facially valid court order enjoy absolute immunity from liability for damages in a suit challenging conduct prescribed by that order.[1] *Bush v. Rauch,* 38 F.3d 842 (6th Cir. 1994) (probate court administrator carrying out court order to prepare assessment to place juvenile); *Roland v. Phillips,* 19 F.3d 552 (11th Cir.1994) (sheriff & deputies enforcing court order); *Patterson v. Von Riesen,* 999 F.2d 1235, 1240–41 (8th Cir.1993) (warden's incarceration of plaintiff pursuant to court order); *Kincaid v. Vail,* 969 F.2d 594, 600–601 (7th Cir.1992) (court clerks refused to file complaint per judicial direction); *Gregory v. United States,* 942 F.2d 1498 (10th Cir.1991) (bankruptcy trustee); *Turney v. O'Toole,* 898 F.2d 1470 (10th Cir.1990) (hospital superintendent & psychologist confined plaintiff to mental hospital pursuant to court order); *Valdez v. City and County of*

*Denver,* 878 F.2d 1285 (10th Cir.1989) (sheriff & deputies took plaintiff into custody pursuant to judicial order); *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir.1988) (court clerk issued arrest warrant at direction of judicial officer); *Coverdell v. Department of Social and Health Services,* 834 F.2d 758, 764–65 (9th Cir.1987) (social worker removed infant & put in shelter pursuant to court order); *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238–39 (7th Cir.1986) (sheriff executing eviction in reliance on court order); *Tarter v. Hury,* 646 F.2d 1010 (5th Cir.1981) (court clerks); *Boullion v. McClanahan,* 639 F.2d 213, 214 (5th Cir.1981) (bankruptcy trustee); *Slotnick v. Garfinkle,* 632 F.2d 163, 166 (1st Cir.1980) (court clerk & hospital superintendent carrying out directives of judge). The rationale underlying immunity in these circumstances is evident. As the 10th Circuit explained:

> Absolute immunity for officials assigned to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel. A lesser degree of immunity could impair the judicial process.

> . . . .

> Tension between trial judges and those officials responsible for enforcing their orders inevitably would result were there not absolute immunity for both.... The public interest demands strict adherence to judicial decrees.... Absolute immunity will ensure the public's trust and confidence in courts' ability to completely, effectively and finally adjudicate the controversies before them.

*Valdez,* 878 F.2d at 1288, 1289.

Plaintiff contends that quasi-judicial immunity is not available to the Safety Council because it is a private party and not an officer of the court. This court does not agree that this is a barrier. First, it is not only public officials that are officers of the court. Every attorney acts as an officer of

---

1. Defendant has not argued that it is entitled to immunity whenever it acts in connection with the enforcement of a sentence regardless of whether or not its acts are within the prescrip-

tion of the sentence. *See generally Wagshal v. Foster,* 28 F.3d 1249 (D.C.Cir.1994) (alternative dispute resolution mediator).

the court he or she appears before. Plaintiff's own allegations make it clear that the Safety Council was acting as an officer of the court.

Moreover, the Supreme Court has consistently utilized a functional approach in determining the proper scope of immunity. *Butz v. Economou,* 438 U.S. 478, 513, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978) (federal hearing examiner or administrative law judge is "functionally comparable" to a judge); *Briscoe v. LaHue,* 460 U.S. 325, 343, 103 S.Ct. 1108, 1119, 75 L.Ed.2d 96 (1983) (". . . immunity analysis rests on functional categories not on the status of the defendant."); *Cleavinger v. Saxner,* 474 U.S. 193, 202, 106 S.Ct. 496, 501, 88 L.Ed.2d 507 (1985) (". . . immunity flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official" (internal quotes omitted)); *Forrester v. White,* 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988) (". . . immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches."). Accordingly, immunity has been extended to private parties such as witnesses and jurors based on the function they served and the rationales underlying the grant of immunity. *Briscoe v. LaHue, supra, Imbler v. Pachtman,* 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 991 n. 20, 47 L.Ed.2d 128 (1976); *DeCamp v. Douglas County Franklin Grand Jury,* 978 F.2d 1047 (8th Cir.1992). Thus, the application of quasi-judicial immunity in this case turns on an analysis of the function performed by the Safety Council not on its status as a public or private entity.

Plaintiff also contends that quasi-judicial immunity does not apply because Judge Quirk's sentence was facially invalid. Plaintiff argues that the sentence was facially invalid because it "could easily have been identified as constitutionally invalid on its face with minimal 'evaluation'." However, " '[f]acially valid' does not mean 'lawful.' An erroneous order can be valid." *Turney v. O'Toole, supra,* at 1473. The narrow construction of facial validity proposed by plaintiff would mean that there is little to distinguish qualified immunity from absolute immunity, and many of the policy consider-ations thought to justify absolute immunity would be thwarted. *Id.* Facial validity is properly defined with reference to the limits on judicial immunity. *Id.* at 1474. If the judge issuing the pertinent order did not do so "in the clear absence of all jurisdiction" the order will be considered facially valid for absolute quasi-judicial immunity purposes. *Id.* Judged by this standard it is clear that Judge Quirk's sentence was facially valid.

However, the absolute quasi-judicial immunity at issue in this case extends only to acts prescribed by Judge Quirk's sentence. *Turney v. O'Toole, supra,* at 1474. Otherwise, qualified immunity applies. *Id.* Plaintiff's amended complaint can fairly be read as claiming that the Safety Council required his church attendance beyond the term of Judge Quirk's sentence. Additionally, plaintiff is apparently claiming that the Safety Council imposed the condition that the church attended be a Christian church although this was not required by Judge Quirk's sentence. Because these actions were allegedly not prescribed by Judge Quirk's sentence absolute quasi-judicial immunity does not require dismissal at this point. Whether or not these claims have any basis in fact is a question that cannot be resolved on the pleadings. Neither party briefed the question of whether qualified immunity would bar these claims and that issue is not reached.

To the extent that the Safety Council was executing a facially valid court order, this court finds that it is entitled to quasi-judicial immunity.

Accordingly, it is recommended that all claims against the Safety Council be dismissed except the claims that the Safety Council went beyond the scope of Judge Quirk's sentence in requiring that plaintiff attend a Christian church and in requiring that plaintiff attend church for the period of time that it did.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJEC-
TIONS TO THE PROPOSED FINDINGS
AND RECOMMENDATIONS CON-
TAINED IN THIS REPORT WITHIN
TEN (10) BUSINESS DAYS FROM THE
DATE OF ITS SERVICE SHALL BAR AN
AGGRIEVED PARTY FROM ATTACK-
ING THE FACTUAL FINDINGS ON AP-
PEAL.

THUS DONE AND SIGNED in Cham-
bers at Lake Charles, Louisiana, this 21st
day of March, 1995.