IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-51070
Summary Calendar

In the Matter of:  FELIX A REYNA, JR; JUANITA V REYNA

Debtors

_____

FELIX A REYNA, JR

Appellant

v.

FRANK R MONROE; TRUSTEE RANDOLPH N OSHEROW; STEVE TURNER

Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-986

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Felix Reyna appeals, pro se, the dismissal of his action against the bankruptcy judge, trustee, and trustee's attorney involved in Reyna's Chapter 7 bankruptcy.  Reyna contends:  this action should have been treated as an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

original civil action, not an appeal of his bankruptcy; and the bankruptcy judge should not have been dismissed as a party.

Debtors conveyed their residence to their children in 1999. They filed Chapter 7 bankruptcy less than a year later in 2000, listing the residence as their physical address and not listing it on their bankruptcy schedules. They were discharged.

The residence was conveyed back to Debtors in 2003. Following the reopening of their bankruptcy case in 2004, an adversary proceeding was initiated by the trustee regarding the residence. Reyna claimed it was his exempt homestead, but it was held to be property of the bankruptcy estate and sold pursuant to a 20 June 2006 order.

This pro se action was filed in December 2006 as an original civil action against the bankruptcy judge, trustee, and trustee's attorney for Reyna's bankruptcy. Because the action complains of orders entered during Reyna's bankruptcy proceedings, however, it was treated as an appeal of his bankruptcy case. The district court explained: if it were treated as a civil action, it would be dismissed because defendants are entitled to judicial immunity. For a bankruptcy appeal, the bankruptcy judge was not treated as a party. The district court ruled it lacked subject matter to review most of the orders at issue because the appeal was filed more than ten days after they were entered. The two orders entered within ten days of the action's being commenced were affirmed.

Essentially without citation to the record or authority, Reyna maintains the district court erred by treating his action as a bankruptcy appeal. Assuming he has not abandoned this issue as a result, it is well-settled that one may not collaterally attack an order of the bankruptcy court, instead of properly appealing it to the district court. Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995). The actions about which Reyna complains occurred, or were ordered, during his bankruptcy proceedings; therefore, the district court did not err. In

any event, the district court also essentially treated it as a civil action, by noting that, if so construed, it would be dismissed because defendants have judicial immunity. E.g., Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (judicial immunity for acts within judge's jurisdiction); Boullion v. McClanahan, 639 F.2d 213, 214 (5th Cir. Unit A Mar. 1981) (judicial immunity for court-approved actions of appointed trustee).

Next, Reyna contends the bankruptcy judge should have been treated as a party to this action. As stated, the bankruptcy judge enjoys judicial immunity for actions taken in furtherance of his duties. E.g., Stump v. Sparkman, 435 U.S. 349, 356 (1978). Reyna maintains the bankruptcy judge has violated the law, which is not a judicial function, and, therefore, should not enjoy judicial immunity. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. at 356-57. Where, as here, the dispute arose out of the actions taken during bankruptcy proceedings over which he presided, a judge is entitled to judicial immunity. See id. at 360-63 (discussing scope of judicial immunity).

AFFIRMED.