

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

|  |  |
|---|---|
| In re:<br>DANIELA FARINA,<br>　　　　　　　　Debtor. | BAP No. NC-22-1235-CFS*<br><br>Bk. No. 22-10021 |
| DANIELA FARINA,<br>　　　　　　　Appellant,<br>v.<br>JANINA M. HOSKINS, Chapter 7<br>Trustee,<br>　　　　　　　Appellee. | Adv. No. 22-01011<br><br>**MEMORANDUM**** |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Roger L. Efremsky, Bankruptcy Judge, Presiding

Before: CORBIT, FARIS, and SPRAKER, Bankruptcy Judges.

---

\* This appeal was concurrently heard with two others: (1) *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1232-FSC (9th Cir. BAP Aug. 14, 2023); and (2) *Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1233-SCF (9th Cir. BAP Aug. 11, 2023). These companion appeals are the subject of their own separate written decisions. In addition, this Panel recently heard and decided another appeal prosecuted by Farina, which also is the subject of its own written decision. *See Farina v. Hoskins (In re Farina)*, BAP No. NC-22-1071-TBF, 2022 WL 17484959 (9th Cir. BAP Dec. 7, 2022).

\*\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

Appellant and debtor Daniela M. Farina appeals from an order dismissing her adversary complaint for civil contempt against chapter 7[1] trustee Janina M. Hoskins ("Trustee") with prejudice. Because the bankruptcy court correctly applied the law and Farina does not demonstrate error, we AFFIRM.

## FACTS

The parties are familiar with the facts and procedural history. Therefore, there is no need to restate them in detail here except as necessary to the decision.

Farina co-owned property on First Avenue in Napa, California ("Property") with her former business partner and boyfriend, Victor Alam. When the relationship deteriorated, in or about May 2020, Alam filed an action for partition in the Napa County Superior Court and a receiver was appointed. According to the receiver, Farina had "occupied" the Property from July 31, 2021, to sometime prior to the receiver's first inspection of the Property on November 17, 2021. After the inspection, the receiver concluded the Property was no longer occupied because there was almost no furniture in the house, no items of daily living, minimal personal items, missing fixtures and appliances, and a missing thermostat. Additionally, a

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

continuous live feed camera at the Property showed that Farina visited periodically but never stayed overnight, never refurnished the property, and never took any action to suggest that she reestablished occupancy.

On January 18, 2022, Farina filed a chapter 7 bankruptcy petition. When Trustee inspected the Property on March 3, 2022, Trustee also concluded the Property was vacant and uninhabitable. However, when Trustee's real estate broker, hired to market and sell the Property, attempted to enter the Property on March 5th, Farina and her father, Mr. Nicolosi, had taken possession of the Property and refused the real estate broker entry.

Because Farina was occupying the Property to the detriment of the bankruptcy estate, Trustee sought and obtained an order for judgment of possession and writ of assistance. The order and writ were posted at the Property on March 10, 2022, and copies were sent to Farina by regular mail and email.

The order provided that the Property was property of the bankruptcy estate pursuant to § 541(a) and that any action to assert possession of the Property, by anyone other than Trustee, was a violation of the automatic stay imposed by § 362(a). The order further provided that if Farina or any other individuals occupying the Property did not voluntarily vacate the premises in accordance with the court's order, Trustee was authorized to direct the United States Marshals Service to take all lawful action related to obtaining exclusive possession of the Property. The writ of assistance

3

provided that all occupants of the Property were required to vacate the Property immediately and turnover exclusive possession of the Property to Trustee.

Farina filed a motion to stay the order of possession on March 10, 2022.[2] Attached to her motion, as an exhibit, was the writ of assistance and the order of possession, evidencing Farina's knowledge and notice of the order and writ. However, it was not until March 24, 2022, with the assistance of the United States Marshals, that Trustee was able to restore exclusive possession of the Property.

On April 4, 2022, Trustee filed a motion seeking court authorization to dispose of any remaining personal property because the Property could command a higher price if the personal property was removed. Trustee attached a detailed list of the remaining items ("Personal Property").[3] According to Trustee, Farina had the opportunity to voluntarily remove her Personal Property, either during her "extended time of illegal possession" or through a mutually agreed upon time and method that Trustee had previously attempted to coordinate through Farina's counsel. Because Farina had not removed the Personal Property, Trustee argued the

---

[2] Farina's attempt to stay the order of possession "did not succeed," however it is unclear whether the court entered an order specifically denying Farina's motion to stay.

[3] Trustee previously provided the court photos of the vacant house and garage with some personal property, as exhibits in support of the application for order for judgment of possession and writ of assistance.

bankruptcy court should issue an order pursuant to § 105(a) allowing for the immediate removal and disposal of the Personal Property.

Farina opposed the motion, arguing that she had not illegally occupied the Property and had no other place to store the Personal Property. On May 10, 2022, following a hearing, the bankruptcy court entered an order ("Disposal Order") authorizing Trustee and her agents or "anyone directed by them . . . to remove and dispose of the Personal Property (as defined in the Motion), including but not limited to by delivering the Personal Property to the dump, upon expiration of the stay imposed by Federal Rule of Bankruptcy Procedure 6004(h)." Farina did not appeal the Disposal Order. Furthermore, there is no evidence that Farina attempted to coordinate the voluntary removal of the Personal Property during the time provided. Upon expiration of the Rule 6004(h) stay, Trustee disposed of the Personal Property.

In October 2022 (approximately five months after the court entered the Disposal Order), Farina initiated an adversary action against Trustee, seeking an order of civil contempt and compensatory damages ("Civil Contempt Complaint"). Farina argued that Trustee and her attorney should be held in contempt, and she should be awarded compensatory damages in the amount of $150,000 plus attorney's fees, because Trustee and Trustee's attorney willfully violated the Disposal Order which "preclude[ed] them from requiring Debtor to sign a waiver liability prior to collecting her personal property at the First Avenue Property."

In response, Trustee filed a motion to dismiss Farina's Civil Contempt Complaint on several bases. First, Farina lacked standing because the Personal Property was property of the estate and Farina had no pecuniary interest in its disposition. Second, Trustee was entitled to quasi-judicial immunity because (1) Trustee was acting within the scope of her authority; (2) Farina had notice of Trustee's motion to dispose of the Personal Property and the Disposal Order; (3) Trustee candidly disclosed her intent to dispose of the Personal Property to the bankruptcy court; and (4) the bankruptcy court approved of Trustee's acts by issuing the Disposal Order. Third, even if Trustee was not entitled to quasi-judicial immunity, Farina failed to state facts sufficient to support a claim for civil contempt because Farina had not pled facts showing by clear and convincing evidence that Trustee violated a specific and definite order of the court. Because the defects were incurable, Trustee argued Farina's Civil Contempt Complaint should be dismissed with prejudice.

At the hearing on Trustee's motion to dismiss, the bankruptcy court determined that Farina's Civil Contempt Complaint was "totally frivolous" and there was "no plausible claim for relief stated." Accordingly, the bankruptcy court granted Trustee's motion to dismiss with prejudice "for the reasons stated orally on the record" ("Order Dismissing Adversary").

Farina timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in dismissing Farina's Civil Contempt Complaint with prejudice?

## STANDARDS OF REVIEW

We review de novo the dismissal of Farina's adversary proceeding under Civil Rule 12(b)(6). *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector* (*In re Tracht Gut, LLC*), 836 F.3d 1146, 1150 (9th Cir. 2016). We review for abuse of discretion the bankruptcy court's dismissal of a complaint with prejudice. *Id.* A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

### A.    Standard under Civil Rule 12(b)(6)

Under Civil Rule 12(b)(6), made applicable in bankruptcy adversary proceedings by Rule 7012, dismissal is proper if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe

7

them in the light most favorable to the plaintiff. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

B.   **Civil Contempt**

Bankruptcy courts have civil contempt authority under § 105(a) to impose civil penalties to remedy violations of specific orders. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1192-93, 1197 (9th Cir. 2003). The moving party has the burden of showing by clear and convincing evidence that the contemnor violated a specific and definite order of the court. *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002). The standard for imposing civil contempt sanctions turns on a finding of willfulness, rather than bad faith or subjective intent. *In re Dyer*, 322 F.3d at 1191. A violation is willful if the contemnors knew of the order and their actions which violated it were intentional. *Id.*

## C.    Farina failed to allege that Trustee violated the Disposal Order.

When a bankruptcy petition is filed, an "estate" is created, consisting of all of the debtor's interests in all property, both tangible and intangible. § 541(a); *Hillis Motors, Inc. v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir.1993). One of a trustee's primary duties is to assemble assets of the estate, liquidate those assets for the benefit of creditors, and distribute proceeds of the estate to creditors. § 704(a)(1) (duty to "collect and reduce to money the property of the estate for which such trustee serves . . . ."). Likewise, the debtor has a duty to surrender property of the estate to the trustee. *Id.* § 521(a)(4); *see also* § 542(a) ("[A]ny entity, other than a custodian, in possession, custody or control of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property . . . .").

It is undisputed that the Property was property of the bankruptcy estate and that Trustee determined there was equity in the Property that could be administered for the benefit of creditors. It is also undisputed that Farina refused to willingly turnover possession of the Property to Trustee and even after she vacated the Property, she left Personal Property in the garage. The remaining Personal Property interfered with Trustee's ability to carry out her duties by interfering with Trustee's ability to sell the Property. Consequently, the bankruptcy court granted Trustee's motion to dispose of the Personal Property by entering the Disposal Order pursuant to § 105(a).

9

On appeal, Farina argues that the bankruptcy court erred in dismissing her adversary complaint for civil contempt against Trustee because the Disposal Order precluded Trustee from requiring Farina to sign a waiver of liability prior to collecting her Personal Property.[4] Contrary to Farina's assertions, the Disposal Order did not include any reference to Farina or condition the Trustee's authority to dispose of the Personal Property. Rather, the Disposal Order specifically allowed Trustee and/or her agents to dispose of the Personal Property in any manner, including taking it to the dump. Thus, when Trustee removed and disposed of the Personal Property, it was pursuant to a valid order of the court. Furthermore, Trustee had a legitimate statutory reason for seeking and enforcing the Disposal Order. Because Farina failed to allege facts demonstrating that Trustee violated the Disposal Order, Farina failed to state a claim upon which relief could be granted, and the bankruptcy court

---

[4] Although there was discussion at the hearing regarding Farina scheduling a pickup of the Personal Property, the parties acknowledged that no agreement had been reached. Trustee explained her concern that the bankruptcy estate could be further eroded if Farina filed claims for liability in handling or moving the Personal Property. The bankruptcy court agreed that Trustee's request for the name and contact information of any person removing the Personal Property was reasonable. There is no evidence, and Farina does not plead, that she attempted to provide the required information and Trustee refused to allow her to remove the Personal Property. Furthermore, the bankruptcy court indicated that although the parties could attempt to reach an agreement for the voluntary removal of the Personal Property by Farina, the court was not going to impose any conditions on Trustee's removal and disposal of the Personal Property.

did not err in granting Trustee's motion to dismiss Farina's adversary complaint.

**D.    Trustee was entitled to quasi-judicial immunity.**

Furthermore, even if Farina properly pled a claim for relief, the bankruptcy court did not err in dismissing Farina's Civil Contempt Complaint because Trustee was immune from suit based on quasi-judicial immunity. "Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order." *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 742 (9th Cir. 2009). For quasi-judicial immunity to apply, Trustee must show: (1) Trustee's acts were within the scope of her authority; (2) the debtor had notice of Trustee's proposed acts; (3) Trustee candidly disclosed her proposed acts to the bankruptcy court; and (4) the bankruptcy court approved Trustee's acts. *Id.*; *see also Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) ("[A] trustee in bankruptcy . . . is entitled to derived judicial immunity because he is performing an integral part of the judicial process.").

Here, Trustee acted within the scope of her authority pursuant to the Disposal Order. Additionally, the bankruptcy court was not only aware of Trustee's proposed act of disposing of the Personal Property in anticipation of sale, but also approved of Trustee's proposed acts as evidenced by the Disposal Order. Additionally, Farina had notice of Trustee's proposed acts. Because Trustee was acting "within the scope of the authority conferred

11

upon [her] by statute or the court," Trustee was entitled to qualified immunity. *Read v. Duck* (*In re Jacksen)*, 105 B.R. 542, 545 (9th Cir. BAP 1989).

**E.      Dismissal with prejudice was not an abuse of discretion.**

The bankruptcy court did not abuse its discretion in granting Trustee's motion to dismiss with prejudice because Farina has articulated no facts she could allege that would cure the complaint's deficiencies. *See Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995) (if it is clear that a complaint cannot be cured by amendment, a court may dismiss without leave to amend).

## CONCLUSION

Based on our independent review, we conclude that the bankruptcy court did not err in granting Trustee's motion to dismiss Farina's adversary complaint or abuse its discretion in doing so with prejudice. We AFFIRM.